# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **AQUA-CHEM, INC.,** a Delaware corporation**.** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Case No. _____ ) |
| **BARIVEN, S.A.,** an agency or instrumentality of the Venezuelan government, and **PDVSA SERVICES, B.V.,** a foreign corporation. | ) ) ) ) |
| **Defendants.** | ) ) |

## COMPLAINT

Plaintiff, Aqua-Chem, Inc., through undersigned counsel, brings this action against Defendants PDVSA Services, B.V. and Bariven, S.A., and states as follows:

### I. PARTIES

1. Plaintiff, Aqua-Chem, Inc. ("Aqua-Chem"), is a Delaware Corporation with its principal place of business located at 3001 E. Governor John Sevier Highway, Knoxville, Tennessee. Aqua-Chem is in the business of providing comprehensive water processing systems.

2. Defendant Bariven, S.A. ("Bariven") is a foreign (Venezuelan) corporation which at all relevant times conducted significant and/or substantial business in Tennessee, and with its place of business in Venezuela. Bariven engages in procurement of materials and equipment necessary for the activities of exploration and production, refining and gas. Upon information and belief, Bariven is the parent company of Defendant PDVSA Services, B.V. and acts through PDVSA Services, B.V. as its general agent and purchasing agent.

42979.1/004

1

3. Upon information and belief, Defendant, PDVSA Services, B.V. ("PDVSA") is a foreign (Netherlands) corporation which at all relevant times conducted significant and/or substantial business in Tennessee. PDVSA's place of business is President Kennedylaan 19, 2517 JK The Hague, The Netherlands. Upon information and belief, PDVSA acts as Bariven's general agent and purchasing agent and renders procurement support services to Bariven and affiliated entities within the PDVSA group.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Plaintiff and the Defendants are completely diverse and the amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendant Bariven. Bariven sent the Purchase Order at issue to a Tennessee corporation. Bariven purchased goods manufactured by a Tennessee corporation in Tennessee. Bariven agreed to perform under the Purchase Order by remitting payment to a Tennessee corporation in Tennessee. Bariven breached the Purchase Order by failing to perform, which caused harm to a Tennessee corporation in Tennessee, as alleged herein.

6. This Court has personal jurisdiction over Defendant PDVSA. PDVSA sent the Purchase Order at issue to a Tennessee corporation. PDVSA purchased goods manufactured by a Tennessee corporation in Tennessee. PDVSA agreed to perform under the Purchase Order by remitting payment to a Tennessee corporation in Tennessee. PDVSA breached the Purchase Order by failing to perform, which caused harm to a Tennessee corporation in Tennessee, as alleged herein.

## III. PRELIMINARY FACTS

7. By Purchase Order #5100119934, dated December 9, 2014, Bariven, through PDVSA as its purchasing agent, hired Aqua-Chem to provide certain machine supplies (the "Contract"). A copy of this Contract, which includes Bariven's and PDVSA's General Terms, shipping instructions, and invoice instructions, is attached hereto as <u>Exhibit 1</u>.

8. Pursuant to the "Terms of payment" section of the Contract's General Terms, Bariven had thirty (30) days to remit payment to Aqua-Chem after delivery and receipt of a "[c]orrect and conformed invoice." Further, Section 4 of PDVSA's updated Terms and Conditions for Goods Purchases provides the same 30-day deadline for payment:

> 4. PRICE AND PAYMENT TERMS:
>
> …
>
> II. Unless otherwise specified in the Order, Vendor shall issue invoices only upon delivery of all of the Materials to Buyer. Buyer shall issue payment within thirty (30) days of receipt of correct and conforming Vendor invoice at Agent's office.

A copy of the PDVSA Services, B.V. Terms and Conditions for Goods Purchases Revision 09-2014 is attached hereto as <u>Exhibit 2</u>. Bariven and PDVSA also provided Aqua-Chem with the Packing, Marking, Invoicing and Shipping Instructions for Vendors (BGE-417, revision 2012-05), a copy of which is attached hereto as <u>Exhibit 3</u>.

9. On June 1, 2015, Aqua-Chem shipped the goods to Bariven pursuant to the Contract. On that same date, Aqua-Chem sent PDVSA a conforming final invoice numbered 054527 for $481,390.50. A copy of the invoice is attached hereto as <u>Exhibit 4</u>.

10. Neither Bariven nor PDVSA remitted payment to Aqua-Chem within 30 days of receiving the invoice for the goods supplied under the Contract.

11. On September 14, 2015, a representative of Aqua-Chem contacted a representative of PDVSA by email to inquire about the status of the past due payment. On September 15, 2015, a representative of PDVSA informed Aqua-Chem that the invoice "was approved and sent to our headquarters in Venezuela for payment." A copy of these email communications is attached hereto as Exhibit 5.

12. Neither Bariven nor PDVSA remitted payment to Aqua-Chem within 30 days of September 15, 2015.

13. On June 16, 2016, Aqua-Chem, through its counsel, sent a demand letter to Bariven through its purchasing agent, PDVSA, for payment of the accepted and conforming invoice. Attached to this letter were various documents related to the Contract and which met all potential conditions precedent to payment. These documents, reflecting proof that Aqua-Chem shipped the goods required by the Contract, included: (1) the Shipper's Letter of Instruction dated May 28, 2015, (2) Aqua-Chem's Certificate of Conformance dated June 1, 2015, (3) Aqua-Chem's Value Invoice dated May 27, 2015, (4) the Packing List reflecting all goods shipped by Aqua-Chem to Bariven under the Contract, and the Acknowledgement form reflecting the original purchase order and all goods shipped by Aqua-Chem to Bariven under the purchase order, and (5) a Proof of Delivery form reflecting that Bariven received the goods on June 3, 2015. A copy of the demand letter and all exhibits to the letter is attached hereto as Exhibit 6. Aqua-Chem gave Bariven thirty (30) days to remit payment of $481,390.50 before initiating legal action.

14. Aqua-Chem, and its counsel, received no response from Bariven or PDVSA to the demand letter. As of the date of this filing, neither Bariven nor PDVSA remitted payment of $481,390.50 to Aqua-Chem.

42979.1/004

4

Case 3:16-cv-00553-HSM-HBG   Document 1   Filed 09/12/16   Page 4 of 7   PageID #: 4

15. At all times relevant to this matter, Bariven communicated with Aqua-Chem through PDVSA, who acted as Bariven's general agent and purchasing agent. The language of the Contract, General Terms, and the Terms and Conditions for Goods Purchases Revision 09-2014 regarding Bariven's relationship to PDVSA led Aqua-Chem to believe that PDVSA had full authority to act on Bariven's behalf. Further, Aqua-Chem believed that at all times during its dealings with Bariven and PDVSA, PDVSA represented, and Aqua-Chem understood, that PDVSA had full authority to act on Bariven's behalf and believed that Bariven and PDVSA were essentially the same entity. Aqua-Chem relied on these representations of PDVSA and no representative of Bariven or PDVSA ever indicated that PDVSA did not have full authority to act on behalf of Bariven.

## COUNT I: BREACH OF CONTRACT

16. The allegations in all foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

17. On December 9, 2014, Aqua-Chem and Bariven, through its purchasing agent PDVSA, entered into the Contract.

18. The Contract is valid and enforceable.

19. Aqua-Chem performed under the Contract by shipping goods to Bariven and PDVSA and sending PDVSA an invoice on June 1, 2015. Bariven and PDVSA had 30 days, until July 1, 2015, to perform under the Contract by remitting payment of $481,390.50 to Aqua-Chem.

20. Bariven and PDVSA did not remit payment to Aqua-Chem by July 1, 2015, constituting a failure to perform and breach of the Contract.

21. As a result of Bariven's and PDVSA's breach, Aqua-Chem suffered $481,390.50 in damages.

22. Aqua-Chem has at all relevant times complied with all the material terms and conditions of the Contract.

## COUNT II: QUANTUM MERUIT

23. The allegations in all foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

24. Alternatively, there is no valid and enforceable contract between Aqua-Chem and Defendants Bariven and PDVSA relating to the sale of goods by Aqua-Chem.

25. Aqua-Chem provided valuable goods to Bariven and PDVSA by shipping these goods to Bariven on June 1, 2015.

26. Bariven and PDVSA, as the parties to be charged, received these goods on June 3, 2015.

27. Bariven and PDVSA understood, or should have reasonably understood, that Aqua-Chem expected compensation for providing these goods to Bariven.

28. It would be unjust for Bariven and PDVSA to retain and benefit from these goods without providing Aqua-Chem with adequate compensation.

29. By failing to compensate Aqua-Chem for these goods, Aqua-Chem suffered $481,390.50 in damages.

WHEREFORE, Aqua-Chem respectfully requests this Court:

A. Enter a judgment against Bariven and PDVSA in the amount of $481,390.50 for breaching the Contract;

B. Alternatively, enter a judgment against Bariven and PDVSA that no valid and enforceable contract exists, that Bariven and PDVSA were unjustly enriched by retaining goods from Aqua-Chem, and that Aqua-Chem is entitled to payment of $481,390.50 for delivering these goods;

C. For an award of pre and post-judgment interest as provided by law or contract; and

D. For such other or further relief to which Aqua-Chem may be entitled.

Respectfully submitted,

/s W. Edward Shipe\_\_\_\_\_
W. Edward Shipe (023887)
Nicholas W. Diegel (034211)
**WAGNER, MYERS & SANGER, P.C.,**
1801 First Tennessee Plaza
800 S. Gay Street
Knoxville, Tennessee 37929
865.525.4600
865.291.0419
*eshipe@wmspc.com*
*ndiegel@wmspc.com*
**Counsel for Plaintiff**