UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| AQUA-CHEM, INC., | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 3:16-cv-553 |
| v. | ) | |
| | ) | Judge Mattice |
| BARIVEN, S.A.*, et al.*, | ) | Magistrate Judge Guyton |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## ORDER

Before the Court is Defendant PDVSA Services, B.V.'s Motion to Dismiss (Doc. 13). For the reasons stated herein, Defendant's Motion will be **DENIED** with leave to refile.

Plaintiff Aqua-Chem, Inc., filed its Complaint on September 12, 2016, alleging that Defendants breached a contract for the sale of machine supplies. (Doc. 1 at 3–7). After stipulating to an extension of time to respond to the Complaint, Defendant PDVSA Services, B.V. (hereinafter "PDVSA" or "Defendant PDVSA") filed its Motion to Dismiss.[1] (Doc. 13). Therein, PDVSA argues that the Court must dismiss Plaintiff's case because of a mandatory arbitration clause in the Parties' contract, and because PDVSA has not been properly served. (Doc. 13 at 1). In the interest of brevity, the Court will proceed immediately to the Parties' arguments regarding service of process.

Plaintiff concedes that PDVSA has not been properly served in accordance with the Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. (Doc. 21 at 1). Instead, Plaintiff argues that it "should be granted liberal time to do so," and

---

[1] Defendant Bariven, S.A. has yet to make an appearance in this case.

recounts its exhaustive attempts at effectuating service. (*Id.* at 1–3). Specifically, it claims that it

> has multiple methods of service of process in transit or requested from the Court to effectuate service. Aqua-Chem is attempting to serve process on Defendant PDVSA pursuant to the Hague Convention by transmitting process to the Netherlands' Central Authority to then be served on PDVSA Services, B.V. Aqua-Chem is also attempting to serve process on Defendant Bariven, S.A. by four different methods. First, Aqua-Chem is attempting to serve process pursuant to the Hague Convention by transmitting process to Venezuela's Central Authority to then be served on Bariven, S.A. Second, Aqua-Chem is attempting to serve process pursuant to the Hague Convention by transmitting process to the Netherlands' Central Authority to then be served on PDVSA Services, B.V. in its capacity as the purchasing agent of Bariven, S.A. Third, Aqua-Chem is attempting to serve process pursuant to the Federal Rules of Civil Procedure by serving the registered agent for non-party PDVSA Services, Inc., which has been determined by some courts to be Bariven, S.A.'s general agent in the United States. Fourth, Aqua-Chem is attempting to serve process pursuant to the Inter-American Convention on Letters of Rogatory by requesting issuance of letters of rogatory from this Court, which will be transmitted to the United States' Central Authority, which will then transmit process to the Venezuela Central Authority to be served on Bariven, S.A. Aqua-Chem has used these various methods of service contemporaneously because the Defendants are owned by the government of Venezuela, which is currently in an economic and governmental crisis that complicates and delays service of process, and because the Defendants have routinely fought service of process in other cases brought against them.

(*Id.* at 2–3) (citations omitted).

Defendant PDVSA has not responded substantively to Plaintiff's argument that it should be given extra time to effectuate service. Instead, it attacks Plaintiff's proposed avenues of serving Defendants. (Doc. 22 at 4–5). The Court, however, finds these arguments premature. Because Plaintiff has shown good cause for an extension of time in which to effectuate service, that request will be **GRANTED**. Accordingly, the Court hereby **EXTENDS** Plaintiff's deadline to properly serve all Defendants until **May 31, 2017**. If at that time Plaintiff has yet to properly serve all Defendants, Plaintiff is **DIRECTED** to file a formal Motion for Extension of Time to Serve Process. Plaintiff is

**ON NOTICE** that failure to comply with this Court's order may result in dismissal of this action without prejudice for failure to effect service of process.

Finally, because Defendant PDVSA has not been properly served, its Motion to Dismiss is premature. *See, e.g.*, *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952) ("In addition, this Court held in Maichok v. Bertha-Consumers Co., supra, that if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later."); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. And in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication.") (internal quotation marks and citations omitted). Defendant PDVSA clearly has not consented to personal jurisdiction in this Court, nor has it waived or forfeited the right to challenge same, as evidenced by its Motion to Dismiss for insufficient service of process. The Court, therefore, is powerless at this time to grant Defendant PDVSA the relief it seeks. Accordingly, Defendant PDVSA's Motion to Dismiss (Doc. 13) is hereby **DENIED** with leave to refile.[2]

**SO ORDERED** this 15th day of February, 2017.

                                                    */s/ Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion on the merits of Defendant PDVSA's argument that this Court lacks subject matter jurisdiction over Plaintiff's claims because of a mandatory arbitration clause, or on the merits of Plaintiff's argument that the Court should stay this case pending arbitration. The Parties are free to reassert these arguments if and when Defendants have been properly served.